**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**


RAUL PADILLA-RUIZ, et al.,

               Plaintiffs,

v.                                               Action No.  2:16cv630

COMTEK COMMUNICATION
TECHNOLOGIES, INC., et al.,

               Defendants.


**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

By order of reference entered on June 15, 2017 (ECF No. 30), this case was referred to the undersigned United States Magistrate Judge for a report of proposed findings and a recommendation on defendant COMtek Communication Technologies, Inc.'s ("COMtek"),[1] motion to dismiss (ECF No. 22), pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure.

For the reasons stated herein, the Court RECOMMENDS that COMtek's motion to dismiss be GRANTED IN PART and DENIED IN PART.

---

[1]Defendant's proper name is Communication Technologies, Inc.  ECF No. 23 at 1.

# I.   PROCEDURAL HISTORY

On October 26, 2016, plaintiffs Raul Padilla-Ruiz, Vivian J. Franceschini-Rodriguez, and "their Conjugal Partnership (Legal Society of Earnings)," (hereinafter "Padilla"[2]), filed a complaint against defendants COMtek, John Cray, John Doe, Richard Roe, and their respective insurance companies.[3]   Compl., ECF No. 1.   The complaint alleges that COMtek violated Padilla's rights under the Uniform Services Employment and Re-employment Rights Act ("USERRA") when it terminated him for reasons related to his status as a member of the Armed Services.   Compl. ¶ 30; *see* USERRA, Pub. L. No. 103-353, 108 Stat. 3149 (1994) (codified at 38 U.S.C. § 4301 *et. seq.*).   The complaint also alleges that COMtek discriminated against Padilla in violation of Puerto Rico's labor and tort laws.[4]   Compl. ¶ 38.   With respect to the

---

[2] Padilla's wife and their "conjugal partnership" joined Padilla as co-plaintiffs and are included in Padilla's complaint.   However, the complaint fails to distinguish their claims from Padilla's own.   Therefore, to simplify the discussion, this Court will refer only to Padilla.

[3] In an abatement order dated June 16, 2017, John Cray, John Doe, and Richard Roe were dismissed as defendants pursuant to Federal Rule of Civil Procedure 4(m) for Padilla's failure to timely serve those defendants.   ECF No. 31.   Thus, COMtek is the sole remaining defendant.

[4] In the section of the complaint labelled "III. FACTS," Padilla states that COMtek's discriminatory conduct "constitute[s] a clear violation of the First Amendment of the Constitution of the United States of America, the provisions of Title 42 of the United States Code, Section 1983, Civil Rights Act, [USERRA], and the Servicemembers Civil Relief Act." Compl. at 3 and ¶ 32.   Later in the complaint, Padilla lists his causes of action in a section labelled "IV. CAUSES OF ACTION."   Compl. at 9 and ¶ 36.   In this section, Padilla pleads his causes of action under USERRA and Puerto Rico law, but does not mention the First Amendment, section 1983, the Civil Rights Act, or the Servicemembers Civil Relief Act (collectively, the "additional laws").   Comp. ¶¶ 36–42.   Padilla's previous complaints in both suits before the District of Puerto Rico contain the same language.   *See* ECF No. 28-1 at ¶ 32; ECF No. 28-2 at ¶ 23.   In its memorandum in support of its motion to dismiss, COMtek addresses Padilla's claims under USERRA and Puerto Rico law only.   *See generally* ECF No. 23.   Padilla's response likewise includes no mention of the additional laws.   *See generally* ECF No. 28.   In the previous action, Padilla alleged violations of the Servicemembers Civil Relief Act, but then later conceded in response to a motion to dismiss that those "claims should be dismissed because no such allegations are at issue in this case."   *Padilla-Ruiz v. United States*, 893 F. Supp. 2d 301, 308 (D.P.R. 2012).   Additionally, the district court held (and the First

claims under Puerto Rico law, the complaint alleges that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[5]  Compl. ¶ 3.  COMtek has not challenged jurisdiction.  This is the third lawsuit against defendants COMtek and John Cray by the same plaintiffs, with both prior lawsuits being filed in the United States District Court for the District of Puerto Rico. Compl.  ¶¶ 35–36, 41.  In the first suit, filed on July 22, 2009, the district court dismissed the case without prejudice for improper venue to allow the plaintiffs to re-file the case in the appropriate forum, the federal district court for the state of Virginia.[6]  *Padilla-Ruiz v. Comtek Communs. Techs.*, 2010 WL 1728311 (D.P.R. Apr. 26, 2010) ("Padilla I").  Padilla neither appealed this dismissal, nor chose to re-file the case in the Eastern District of Virginia at that time.  *Padilla-Ruiz v. United States*, 593 F. App'x 1, 3 (1st Cir. 2015).

On April 25, 2011, almost one year after the dismissal of the first complaint, plaintiffs again filed suit in the United States District Court for the District of Puerto Rico.  *Padilla-Ruiz v. United States*, 893 F. Supp. 2d 301, 304 (D.P.R. 2012) ("Padilla II").  The complaint in this second suit named various federal government entities and employees as additional defendants. *Id.* at 303.  The second complaint was dismissed with prejudice on September 27, 2012.  *Id.* at 310.  However, in its dismissal, the district court limited its analysis to Padilla's claims against

---

[5] Plaintiffs are residents of Puerto Rico.  Compl. ¶ 6.  COMtek is a corporation based in Virginia with its corporate headquarters in Chantilly, Virginia.  Compl. ¶ 8.  Padilla's requested damages far exceed $75,000.  *See* Compl. ¶¶ 45–50.

[6] The employment agreement between COMtek and Padilla provides that "all disputes arising out of or relating to this Agreement shall be submitted to the Federal District Court for the State of Virginia, and jurisdiction of that Court is hereby accepted for the purpose of this Agreement." ECF No. 23, Ex. 2 at 5.

Circuit affirmed) that Padilla's civil rights and constitutional claims were barred by the statute of limitations.  *Padilla-Ruiz v. United States*, 593 F. App'x 1, 2–3 (1st Cir. 2015).  Those claims were dismissed with prejudice.  *Id.*  Due to this procedural history, the Court does not entertain the additional law claims here.

the federal defendants, including the complaint's failure to state a claim and the court's lack of jurisdiction. *See generally id.*; *see also Padilla-Ruiz*, 593 F. App'x at 4. Padilla appealed this dismissal as to all defendants, which the First Circuit stayed while Padilla served on active duty for almost one year. *Id.* On January 30, 2015, the First Circuit affirmed the district court's dismissal of all claims, with the exception of the claims against COMtek related to USERRA and Puerto Rico law. *Id.* at 6. It remanded those claims to the district court to address COMtek's venue challenge. *Id.*

On October 28, 2015, the district court in Puerto Rico dismissed the second lawsuit without prejudice to "allow plaintiffs to refile the case in the appropriate forum." *Padilla-Ruiz v. United States*, Civil No. 3:11-1393 (FAB) (D.P.R. Oct. 28, 2015) (unpublished); ECF No. 28-6 at 2. Neither COMtek nor Padilla appealed this decision. ECF No. 28 at 8.

Almost one year later, on October 26, 2016, Padilla filed a third suit, this time in the Eastern District of Virginia against COMtek and various government entities. Compl. On May 12, 2017, COMtek filed a motion to dismiss for failure to state a claim and a memorandum in support pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF Nos. 22, 23. In its memorandum, COMtek argues that Padilla's claims under USERRA are time-barred under the applicable statute of limitations and that he is not entitled to equitable tolling because, at the time he filed the second action in Puerto Rico, he was "on notice that Puerto Rico was an improper venue." ECF No. 23 at 5. Additionally, COMtek argues that all of Padilla's claims are barred by the doctrine of laches. *Id.* at 5–6. Finally, COMtek contends that Padilla has failed to "allege any facts–beyond conclusory allegations–that his termination was motivated by his membership in the armed forces." *Id.* at 6. COMtek adds that Padilla's employment contract did

not specify a duration of employment, which makes Padilla's status as an employee terminable at will. *Id.*

On June 9, 2017, Padilla filed a response and memorandum in opposition to COMtek's motion to dismiss. ECF Nos. 27, 28. Padilla argues that the order in Padilla I allowed him to refile his case, and that the second case differed from the first. ECF No. 28 at 5–7. Padilla further argues that he is entitled to equitable tolling and that the doctrine of laches does not apply. *Id.* at 8–20. Finally, Padilla argues that the complaint contains sufficient facts to state a claim under USERRA and Puerto Rico law. *Id.* at 20. COMtek filed a rebuttal brief on June 13, 2017. ECF No. 29. On June 15, 2017, the motion to dismiss was referred to the undersigned. ECF No. 30. These issues can be decided based on the record, and COMtek's request for a hearing, ECF No. 32, is **DENIED.**

## II.     FACTUAL BACKGROUND

Plaintiff Padilla was an employee of defendant COMtek, a private company that provided Professors of Military Science ("PMS") for the U.S. Army Cadet Command's Reserve Officer Training Corps ("ROTC"). Compl. ¶ 11–12, 14–15. The complaint states that COMtek required its employees to have military experience in order to be a PMS, and all PMS employees were either retired or Reserve officers in the U.S. Army. Compl. ¶ 12. Padilla was a member of the U.S. Army Reserve at the time he was employed by COMtek. Compl. ¶ 13. Padilla worked for COMtek from July 2, 2002 until August 13, 2008. Compl. ¶ 15. Padilla alleges that he began working for COMtek under contract, but that his labor status changed to that of a full-time employee. Compl. ¶ 14. Padilla does not specify when this change occurred.

On July 13, 2006, Padilla received military orders to attend training at San Juan, Puerto Rico. Compl. ¶ 17. Padilla alleges that the ROTC Commander Lieutenant Colonel ("LTC")

Francisco Betancourt[7] "refused to let him attend," which "forced [Padilla] to request revocation of the orders."  Compl.  ¶ 17.  Despite trying "to convince LTC Betancourt the night prior to his attendance [at] the training of the importance of this training for his military career and promotion," Padilla claims that he did not attend this military training because he feared "being fired from his job."  *Id.*

On October 10, 2006, Padilla was ordered to report to active duty in Fort Riley, Kansas. Compl.  ¶ 18.  During this time, Israel Reyes, a retired U.S. Army officer, was temporarily hired to "cover plaintiff['s] position."  Compl. ¶¶ 16, 18.  On October 26, 2006, Padilla was released from active duty and returned to Puerto Rico, where he requested to return to employment. Compl. ¶ 19.  One of COMtek's employees, Larry Rose, advised plaintiff to report back to work on November 13, 2006, in order to "allow Israel Reyes to finish his time sheet and transition out of his job with COMtek."  *Id.*  During the period between October 26 and November 13, 2006, plaintiff alleges that he was "not allowed to go back to work and did not receive any compensation . . . ."  Compl. ¶¶ 19, 20.

Padilla states that when he returned to work on November 13, 2006, Reyes and LTC Betancourt "became angry" with him, and LTC Betancourt told him to leave the U.S. Army Reserve or to resign from his position at COMtek.  Compl. ¶¶ 20, 21.  Additionally, Padilla claims that LTC Betancourt, "in reprisal," wanted to transfer Padilla to another university approximately two hours from Padilla's home.  Compl. ¶ 21.  Padilla states that LTC Betancourt informed him that he would be humiliating Padilla everyday "in front of the peers and student[s] that he should not even use the Army uniform because he had returned from Operation Iraqi Freedom too soon."  Compl. ¶ 22.  On top of allegedly questioning Padilla's "Army values

---

[7] Padilla refers to LTC Betancourt as a "US Army Officer."  Compl. ¶ 17.

(ethics and conduct/honor code) for returning to[o] soon from a deployment," LTC Betancourt allegedly "gave [ ] Padilla an unjustified written reprimand/counseling."   Compl. ¶¶  22, 23. Padilla does not state the date on which he was reprimanded, or for what alleged conduct, but states that he alerted his deputy region manager, Larry Rose, who in turn spoke with LTC Betancourt about the matter.  Compl. ¶ 23.

As a result, Padilla claims that LTC Betancourt became "angry and basically kicked [ ] Padilla out of his office."  Compl. ¶ 24.   LTC Betancourt "stated [that] he would seek to change the terms of [ ] Padilla's position," although Padilla remained working at that location.  *Id.* Padilla claims that he reported "several serious illegal acts which had occurred while LTC Betancourt was in command"[8] to the Inspector General Office of the U.S. Army Cadet Command, the Commanding General, and LTC Jose Plaza, who took command of his location at ROTC Mayaguez in March 2008.  Compl. ¶ 25.

Padilla states that, in 2008, LTC Plaza refused to allow him to attend mandatory active duty military training.  Compl. ¶ 26.  Padilla asserts that he called Larry Rose in March 2008 to inform him that this occurred.  *Id.*  In July 2008, Padilla received military orders to enter active duty service training in San Juan, Puerto Rico, which he attended from mid-July 2008 until August 10, 2008.  Compl. ¶ 27.   During this time in training, Padilla claims that he was "constantly harassed; receiving phone calls and communication from personnel of the ROTC Mayaguez."  Compl. ¶ 28.   After returning to work following his August 10, 2008 release, Padilla was fired on August 13, 2008.  Compl. ¶ 29.

Padilla claims that he was "fired/terminated because he was a member of the reserve forces and because he was ordered to active duty by the US Army Reserve."  Compl. ¶ 30.  He

---

[8] The complaint does not specify what these illegal acts were.

claims that COMtek and its employees discriminated against him "due to his military status," which "violated [Padilla's] right[s] under" USERRA. *Id.* Padilla adds that "COMtek employees who were reservist[s] were replaced by retirees" as support for his argument that COMtek discriminates against members of the Reserves. Compl. ¶ 32.

## II. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss complaints, or claims within complaints, upon which no relief can be granted. Fed. R. Civ. P. 12(b)(6); *Sonnier v. Diamond Healthcare Corp.*, 114 F. Supp. 3d 349, 354 (E.D. Va. 2015). In order to survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard requires that the complaint state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In essence, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Ascertaining whether a complaint states a plausible claim for relief is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." *Id.* at 679.

A motion to dismiss pursuant to Rule 12(b)(6) challenges "the sufficiency of a complaint; it does not resolve disputes over factual issues, the merits of a claim, or the applicability of a defense." *SunTrust Mortg., Inc. v. Simmons First Nat'l Bank*, 861 F. Supp. 2d 733, 735 (E.D. Va. 2012) (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). Therefore, "[i]n ruling on a 12(b)(6) motion, a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467

8

(4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).   The factual allegations, however, "cannot be mere speculation, and must amount to more than 'a sheer possibility that a defendant has acted unlawfully.'"   *Brach v. Conflict Kinetics Corp.*, 221 F. Supp. 3d 743, 747 (E.D. Va. 2016) (quoting *Iqbal*, 556 U.S. at 678).   In addition, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

## III.   ANALYSIS

In addressing COMtek's motion to dismiss, the Court FINDS that Padilla's USERRA claim is time-barred by the applicable statute of limitations.   The Court further FINDS that Padilla is not entitled to equitable tolling because he was on notice from the dismissal of his first cause of action that Puerto Rico was an improper venue.   Because Padilla's USERRA claim is beyond the statute of limitations, the Court does not address whether he alleged sufficient facts to state a claim under USERRA.   With respect to Padilla's claims under Puerto Rico law, the Court FINDS that Padilla has successfully stated a claim with respect to Puerto Rico labor law, but has failed to state a claim with respect to Puerto Rico tort law.

### A.  Padilla's claims under USERRA are subject to a four-year statute of limitations period.

COMtek argues that Padilla's USERRA claims arising from his termination are subject to a four-year limitations period pursuant to 28 U.S.C. § 1658(a), which provides that "a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a) (enacted Dec. 1, 1990).  Padilla was terminated on August 13, 2008, and he filed his complaint

on October 26, 2016.  Compl. ¶ 29, ECF No. 1.

On October 10, 2008, Congress passed the Veterans' Benefits Improvement Act, which amended Title 38 of the United States Code, including USERRA.  Pub. L. No. 110-389, 122 Stat. 4145, 4163 (2008) (codified at 38 U.S.C. § 4327).  Section 4327 provides that, "[i]f any person seeks to file a complaint or claim with . . . a Federal or State court under this chapter alleging a violation of this chapter, there shall be no limit on the period for filing the complaint or claim."  38 U.S.C. § 4327(b).  The amendment further states that "[n]o state statute of limitations shall apply to any proceeding under this chapter," although it was silent with regards to federal statutes of limitations.  108 Stat. 3149, 3166 (Oct. 13, 1994).  In 2013, the Fourth Circuit held that this amendment did not have retroactive effect on a cause of action accruing prior to October 10, 2008.  *Baldwin v. City of Greensboro*, 714 F.3d 828, 836 (4th Cir. 2013) (§ 4327(b) should not be applied retroactively.").  The *Baldwin* court held that, given the silence with respect to federal statutes of limitations, the four-year limitation on federal claims as proscribed in 28 U.S.C. § 1658(a) still applied to USERRA claims accruing before the October 2008 amendment.  *Baldwin*, 714 F.3d at 835 ("'Congress expressed no desire for USERRA claims to be immune from § 1658(a)'s limitations period,'") (quoting *Middleton v. City of Chicago*, 578 F.3d 655, 660 (7th Cir. 2009)).

Accordingly, USERRA claims accruing prior to October 10, 2008 are subject to the four-year statute of limitations provided in 28 U.S.C. § 1658(a).  In this case, Padilla was terminated on August 18, 2008, nearly two months prior to the amendment.  COMtek argues that Padilla's claims began accruing at that time and are therefore subject to the four-year statute of limitations.  Padilla concedes that this is the case.  ECF No. 28 at 3 (". . . Padilla's claims under USERRA are subject to [a] four year limitations period. . .").  The Court agrees.  Therefore, Padilla's claims

10

will be time-barred unless he can demonstrate that he is entitled to equitable tolling during the time the case was pending in the District of Puerto Rico.  The Court turns to that question now.

**B.  Padilla is not entitled to equitable tolling of his USERRA claim.**

Equitable tolling may, in the proper circumstances, excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations.  *See English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987).  The plaintiff bears the burden of showing that he is entitled to equitable tolling by demonstrating that (1) he "pursu[ed] his rights diligently," and (2) "some extraordinary circumstance stood in his way" that prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 632 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  *See also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").  Moreover, courts must reserve application of equitable tolling to situations in which enforcement would be "unconscionable" and result in "gross injustice."  *Id.*  Fourth Circuit caselaw on equitable tolling "has consistently focused on external factors hampering the ability to file a timely claim," such as situations where the defendant engages in misconduct that prevents the plaintiff from filing a claim on time.  *Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 332 (4th Cir. 2012) (citing *Williams v. Giant Food Inc.*, 370 F.3d 423, 430 n. 4 (4th Cir. 2004)).

COMtek argues that Padilla is not entitled to equitable tolling because the dismissal of his first cause of action against COMtek served as notice that Puerto Rico was an improper venue.  ECF No. 23 at 5.  The Fourth Circuit has ruled that equitable tolling is not available in cases which are re-filed in the same venue after a district court indicated that venue is improper.  *See Angles,* 494 F. App'x at 332–33 ("Plaintiffs could have protected themselves by timely filing an

action in the Eastern District of Virginia—an option still available at the time the district court indicated that it was likely to reject the motion for leave to amend"). In *Angles*, the plaintiffs brought claims in Alabama District Court under the Equal Pay Act and then moved to amend the complaint with claims under Title VII. *Id.* at 327. Defendants opposed the motion to amend because the proper venue for the Title VII claims was Virginia, not Alabama. *Id.* Plaintiffs then filed a pleading for consent to sever the Title VII claims because re-filing them as a new complaint in the proper venue would run afoul of the ninety-day statute of limitations period. *Id.* at 328. In a hearing on the motion to amend, the District Court noted that "it was inclined to deny the motion as futile because venue was improper." *Id.* After plaintiffs failed "to recognize the Alabama district court's signal about their need to file in the proper district . . . the Plaintiffs filed another motion to amend the complaint." *Id.* After the Alabama district court denied the first motion to amend, which plaintiffs did not appeal, "[p]laintiffs filed a new complaint in the Eastern District of Virginia stating the same Title VII claims," and the complaint was dismissed as barred by Title VII's statute of limitations. *Id.* The Fourth Circuit held that the plaintiffs were not entitled to equitable tolling because of their failure to appeal the Alabama District Court's denial of their amended complaint and their failure to file an action in the Eastern District of Virginia. *Id.* at 332–33.

COMtek additionally relies on *Chang v. Carnival Corp.*, 839 F.3d 993, 998 (11th Cir. 2016), where the Eleventh Circuit held that a plaintiff was not entitled to equitable tolling when she filed suit in the wrong venue despite being on notice of the proper venue during the time the action was pending. ECF No. 23 at 5. In *Chang*, a forum selection clause on the plaintiff's ticket included the condition that any lawsuit brought against the defendant must be brought in federal court for the Southern District of Florida. *Chang*, 839 F.3d at 995. However, after being

warned twice by the defendant that it would enforce the forum selection clause, the plaintiff filed her case in state court, and the defendant moved to dismiss for improper venue. *Id.* While the case was pending in state court, and three months after the one-year statute of limitations set forth in the ticket expired, plaintiff filed suit in federal court for the Southern District of Florida; subsequently, defendant moved for dismissal based on the statute of limitations. *Id.* Plaintiff argued that she was entitled to equitable tolling because she filed in state court within the one-year period. *Id.* The Eleventh Circuit affirmed the District Court's ruling that the claims in federal court were barred because "Plaintiff chose to ignore" the defendant's warning to file suit in the correct forum, a decision which "directly led to the need to file suit late in the correct forum." *Id.* at 998.

This case presents a similar scenario. When Padilla filed the second suit in Puerto Rico, he was on notice of the existence of a forum selection clause in the contract. Padilla was on notice that COMtek intended to enforce the forum selection clause, because COMtek had done so in the first suit. Padilla was on notice that the district court was inclined to agree with COMtek, because the district court had done so in the first suit. When the district court dismissed the first suit on April 26, 2010, it specifically informed Padilla that the District of Puerto Rico was an improper venue, and he chose to file his suit there a second time despite this warning. There was no deception on the part of COMtek. Nor were there any exceptional external forces barring Padilla's path forward.

Padilla argues that COMtek's reliance on an Eleventh Circuit case is misplaced, and provides the Court with a survey of approaches to equitable tolling across the many federal circuits. ECF No. 28 at 8–16. The cases cited by Padilla, however, do more harm to his case than good. In the cited cases, some consistent rules make themselves known. One example is

that equitable tolling should be used only in rare and exceptional circumstances, or at least, sparingly. *See, e.g.*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005); *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005); *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).  Padilla cites to many other cases where a circuit could only applied equitable tolling when the delay was due to some "extraordinary circumstance" standing in the plaintiff's way.  ECF No. 28 at 8 (citing, *e.g.*, *Neves v. Holder*, 613 F.3d 30, 36 (1st Cir. 2010).  Other cases focus on deception on the part of the defendant.  *See, e.g.*, *Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002).

The list of cases provided by Padilla is long, but it provides little support for his position. The Court agrees that equitable tolling should be applied with caution, and the Court exercises that caution here.  The Court sees no extraordinary circumstance that prevented Padilla from timely filing his case in the Eastern District of Virginia and Padilla does not assert one.  Nor did COMtek actively deceive Padilla in any way prior to filing suit in Puerto Rico.  To the contrary, COMtek clearly notified Padilla of its intention to enforce the forum selection clause in the contract.

Padilla argues that the second case was a different case than the first because "new facts were discovered under the FOIA"[9] when the second complaint was filed.  ECF No. 28 at 6. Padilla asserts that because "[s]everal plaintiffs and causes of actions in the second case were not parties in the first one, it was a different case."  *Id.*  Padilla points out that the first complaint against COMtek did not include all other defendants whom he had named in a separate suit at that time, namely the "US government, US Army, several military officers, [ ], Mr. Cray, and

---

[9] Padilla does not provide these new facts.

14

Mr. Reyes."  *Id.*

Padilla's first and second actions are the "same case" with regards to his claims against COMtek because both causes of action against COMtek arose from the same set of facts, which allege that COMtek violated USERRA when it terminated Padilla's employment on August 13, 2008.  *See Padilla-Ruiz, et al. v. United States, et al.*, Case No, 12-2368 (1st Cir. Jan. 30, 2015); ECF No. 23-1 at 5 ("Padilla first filed a lawsuit against COMtek . . . on July 22, 2009 . . . Padilla claimed his employer violated USERRA and Puerto Rico law").  Although Padilla asserts that the second complaint alleged "several claims under different statutes," the claims against COMtek in the first, second, and present lawsuits remain virtually the same.  ECF No. 28 at 5–6. Padilla fails to show that the second lawsuit, filed on April 25, 2011, differed in its claims against COMtek.

Regardless, Padilla never explains how the addition of different parties in the second case would change the analysis.  Presumably, Padilla believes that the differences between the two cases negated what notice Padilla might have had about the infirmities of the second case.  The Court disagrees.  The first suit was dismissed against COMtek on the grounds of improper venue.  None of the perceived differences between the first and second case could have had any bearing on the appropriateness of the District of Puerto Rico as a forum for his suit against COMtek.  The inclusion of the federal defendants in the second suit does not change this aspect of the analysis.  Padilla claims that "[t]he Courts are against the multiples[sic] litigations arising under the same set of facts; the bifurcation of cases."  ECF No. 28 at 6.  Padilla provides no citation for this vague statement, but Federal Rule of Civil Procedure 12(b)(3) was enacted because courts are against trying cases in inappropriate forums.  Fed. R. Civ. P. 12(b)(3).

For the foregoing reasons, the Court rejects Padilla's request for equitable tolling and RECOMMENDS that Padilla's USERRA claim be dismissed as beyond the statute of limitations.

**C. Padilla states a claim under Puerto Rico labor law, but not under Puerto Rico tort law.**

Padilla also alleges violations of the labor laws of Puerto Rico under "Public Law No. 80 of [M]ay 30, 1976" and claims under "Puerto Rico Civil Code Article 1802, 1803[,] 31 L.P.R.A. Sec. 5141, et seq., (Torts)." Compl., ¶ 38 (italics omitted). Padilla alleges that COMtek violated his rights against discrimination under these provisions. *Id*. COMtek argues that Padilla does not state enough facts to support these claims. ECF No. 23 at 13.

The Court first notes that Padilla's citations to Puerto Rico labor law are broad. Public Law No. 80 of May 30, 1976 ("Law 80"), is codified at 29 L.P.R.A. §§ 185a-185m and addresses the remedies available to employees who are discharged without just cause. There must still be an underlying unlawful discharge to invoke the remedies of section 185. In this case, the basis for an unlawful discharge is found at 29 L.P.R.A. § 146, which provides for civil liability against "[a]ny employer who discharges, lays off, or discriminates against an employee . . . because of his . . . being a servicemember, ex-servicemember, serving or having served in the United States Armed Forces, or holding a veteran status." 29 L.P.R.A. § 146.[10]

The language providing protection to servicemembers, ex-servicemembers, members of the U.S. Armed Forces, and veterans was added to section 146 in 2012. 2012 P.R. Laws 232. In the ensuing years, there has been a dearth of caselaw interpreting the inserted language. Nevertheless, the Court believes that Padilla has met his burden of pleading in this case. Padilla

---

[10] Padilla does not specifically cite to this code section in his complaint, but COMtek does reference section 146 as the code section it believes it has been accused of violating. ECF No. 23 at 13. COMtek's arguments that Padilla has failed to state a claim are directed at section 146. *Id*.

alleges that he "was fired/terminated because he was a member of the reserve forces and because he was ordered to active duty by the US Army Reserve." Compl. ¶ 30. Padilla also alleges that COMtek and COMtek employees "discriminated against the plaintiff due to his military status." *Id*. If true, these allegations would give rise to a finding that COMtek discharged or discriminated against an employee because of his being a servicemember in violation of section 146.

Of course, Padilla must have more than bare assertions of law. *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 556 (2007). Here, he also alleges facts that could plausibly give rise to a violation, such as that COMtek employees who were reservists were replaced by retirees (Compl. ¶ 32) and that he was repeatedly harassed regarding his service and barred from attending military training events. *See, e.g.*, Compl. ¶¶ 17, 21. Padilla even alleges that he was specifically told by LTC Betancourt to either leave the US Army Reserve or resign from COMtek. Compl. ¶ 21. These factual allegations, accepted as true at this stage of the proceedings, lend enough plausibility to allow Padilla's claims under Puerto Rico labor law to proceed past the motion-to-dismiss phase.[11]

Turning now to Padilla's claims under Puerto Rico tort law, Puerto Rico Civil Code Article 1802 is Puerto Rico's general tort statute and provides that a person who "causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31

---

[11] The employment contract between COMtek and Padilla states that "[t]he construction and interpretation of this Agreement shall be governed by the laws of the State of Virginia." ECF No. 23-2 at 5. This is not a reason to avoid the application of Puerto Rico's labor laws here. This is not a case interpreting or construing the employment contract. COMtek argues that the employment agreement was at-will under Virginia law. ECF No. 23 at 12. Even if true, at-will employment means that COMtek does not have to provide just cause for every dismissal, but it does not override an employee's statutory anti-discrimination protections. *See, e.g.*, *Lockhart v. Commonwealth Educ. Sys. Corp*., 439 S.E. 2d 328, 330 (Va. 1994) (holding that employment at-will "is not absolute," and an employee is protected if discharge violates "public policy").

L.P.R.A. § 5141.  Article 1803 defines special relationships that could give rise to vicarious liability, such as employer/employee or parent/child.  *Id*. § 5142.  Article 1803 is inapplicable to the present case, because there is no vicarious liability alleged here.

Article 1802 does not itself define available torts, but merely clarifies that one who commits a tort is required to repair the damage done.  Thus, a bald citation to that section of Puerto Rico law does not inform the court of the actual tort committed.  To the extent that Padilla's 1802 claim arises from the same nucleus of facts as his USERRA or Puerto Rico labor law claims, Padilla is barred from making that claim.  The Puerto Rico Supreme Court and the United States District Court in Puerto Rico have consistently held that "when a specific labor or employment law covers the type of conduct for which a plaintiff seeks relief, [ ]he is barred from also bringing a claim pursuant to Article 1802 based on the same alleged conduct."  *Franceschi-Vazquez v. CVS Pharmacy*, 183 F. Supp. 3d 333, 344 (D.P.R. 2016) (citing, *inter alia*, *Velez-Sepulveda v. GlaxoSmithKline, P.R., Inc.*, 2015 WL 4389529, at *7 (D.P.R. July 15, 2015)) (holding that the plaintiff could not bring an action under both Article 1802 and the Age Discrimination in Employment Act).  Here, Padilla fails to specifically point to conduct that he believes would give rise to a tort claim, but would not be covered by his USERRA or Puerto Rico labor law claim.  Accordingly, it cannot be maintained.

In sum, the Court RECOMMENDS that COMtek's motion to dismiss be GRANTED with respect to Padilla's tort claims, but DENIED with respect to Padilla's labor law claims.

**D.  Padilla's claims are not barred by the doctrine of laches.**

Defendant COMtek also argues that Padilla's claims are barred by the equitable doctrine of laches.  ECF No. 23 at 9–11.  The doctrine of laches follows from the maxim that "equity aids the vigilant" and is an affirmative defense under Federal Rule of Civil Procedure 8(c).  *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 797 (4th Cir. 2001) (internal citation omitted); Fed. R. Civ. P. 8(c).  As an affirmative defense, the burden rests on the defendant to prove that laches should bar the action.  For laches to apply, the defendant must prove "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense."  *White v. Daniel*, 909 F.2d 99, 102 (4th Cir. 1990) (quoting *Costello v. United States*, 365 U.S. 265, 282 (1961)).

Lack of diligence is proved by showing that "the plaintiff delayed inexcusably or unreasonably in filing suit."  *Id.* (quoting *Costello*, 365 U.S. at 282).  Prejudice is established by a disadvantage to the defendant in asserting or establishing a claimed right or by some other harm to the defendant caused by detrimental reliance on the plaintiff's conduct.  *White*, 365 U.S. at 102 (quoting *Nat'l Wildlife Fed'n v. Burford*, 835 F.2d 305, 318 (D.C. Cir. 1987)).  However, the defendant "is aided by the inference of prejudice warranted by the plaintiff's delay."  *White*, 365 U.S. at 102 (quoting *Giddens v. Isbrandtsen Co.*, 355 F.2d 125, 128 (4th Cir. 1966)).  The greater the delay, the less prejudice is required to show laches.  *White*, 365 U.S. at 102.

COMtek argues that Padilla's choice to file the second action in a forum which he was on notice was improper illustrates a lack of diligence.  ECF No. 23 at 9.  Laches is an equitable doctrine, and is not as strictly applied as a statute of limitations.  *See Czaplicki v. The Hoegh Silvercloud*, 351 U.S. 525, 533 (1956) ("laches . . . is not to be measured by strict application of statutes of limitations.").  Accordingly, the Court may give more leeway to a plaintiff with

19

respect to laches than the Court would give with respect to the statute of limitations.  *See Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946) ("Equity eschews mechanical rules; it depends on flexibility.").  In this case, Padilla made the decision to file his second action in Puerto Rico, a decision that could cost him his USERRA claim.  However, strategic errors differ from a lack of diligence.  Padilla has not delayed inexcusably or unreasonably in filing suit.  Rather, he filed suit twice within the statute of limitations and has continuously pursued his claim.

The element of prejudice "contemplates the dispersal and inaccessibility of witnesses, the dimming of recollections and other disadvantages incident to the lapse of time."  *Giddens*, 355 F.2d at 127.  In determining whether laches applies, the Court must weigh "the claimant's delay with the proffered excuse, if any, against the defendant's consequent detriment."  *Id*.  COMtek does not demonstrate the typical markers of prejudice.  Nowhere does COMtek argue that key witnesses will be unavailable due to Padilla's delay.  Nor does COMtek argue that there is evidence in the case that will be lost or stale.  COMtek argues that it has been prejudiced because its forum selection clause will be toothless if Padilla is not barred.  ECF No. 23 at 10.  While it is true that COMtek did litigate for some time in an improper forum, the forum selection clause was given effect and the case moved to the specified forum.  Further, Padilla has lost his USERRA claim because of his decision not to abide by the clause.  Plaintiffs will not ordinarily wish to litigate in an improper forum, as it will be expensive and time-wasting for them as well.  The statute of limitations will also provide an incentive to plaintiffs in most cases to avoid pursuing their actions in improper forums.  In light of these considerations, the Court is confident that this decision will not rob future forum selection clauses of their force.  COMtek has not shown that it has been harmed by detrimental reliance on Padilla's actions, and so COMtek has

20

not carried its burden of proving prejudice in this case.

## IV.    RECOMMENDATION

Padilla's USERRA claims are time-barred by the applicable statute of limitations and he is not entitled to equitable tolling.  Padilla also fails to state a claim with respect to Puerto Rico tort law, but does allege enough facts to state a claim under Puerto Rico labor law.  For the foregoing reasons, the Court RECOMMENDS that COMtek's motion to dismiss, (ECF No. 22), be GRANTED as to Padilla's USERRA and tort law claims, and DENIED as to Padilla's Puerto Rico labor law claim.

## V.    REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.  Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.  A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.  *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.  A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).


                                                    /s/
                                        _____
                                             Robert J.  Krask
                                      United States Magistrate Judge


Norfolk, Virginia
September 15, 2017