UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RAUL PADILLA-RUIZ, et al.,

    Plaintiffs,

v.                  CIVIL ACTION NO. 2:16cv630

COMTEK COMMUNICATION
TECHNOLOGIES, INC.,

    Defendant.

## MEMORANDUM OPINION

This matter comes before the court on the Motion to Dismiss and Memorandum in Support (collectively, "Motion") filed by Defendant, COMtek Communication Technologies, Inc. ("COMtek"), on May 12, 2017. ECF Nos. 22, 23. Raul Padilla-Ruiz, Vivian J. Franceschini-Rodriguez, and their Conjugal Partnership (Legal Society of Earnings) (collectively, "Plaintiffs"), filed a Memorandum in Opposition on June 9, 2017, ECF No. 28, and COMtek filed a Reply on June 13, 2017, ECF No. 29. The Complaint was filed on October 26, 2016. Compl., ECF No. 1.

On June 15, 2017, this court referred the Motion to a United States magistrate judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge

proposed findings of fact, if applicable, and recommendations for the disposition of the Motion. ECF No. 30.

The magistrate judge denied COMtek's request for a hearing, ECF No. 32, finding that the issues could be decided on the record. Report and Recommendation ("R&R") at 5, ECF No. 34. On September 15, 2017, the magistrate judge filed the R&R, which recommended that the Motion be granted in part and denied in part. Id. at 1, 21. By copy of the R&R, the magistrate judge advised the parties of their right to file written objections to the findings and recommendations contained therein, as well as the consequences of foregoing that right. Id. at 21-22.

On September 22, 2017, COMtek filed an objection to the R&R. Obj., ECF No. 35. The Plaintiffs replied on October 27, 2017, but did not make any objections of their own. Obj. Reply, ECF No. 40. The court conducted a hearing on December 13, 2017, after which the parties were granted leave to file supplemental briefs. Both parties have filed briefs and replies, and the matter is ripe for decision.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(3) of the Federal Rules of Civil Procedure, the court shall make a de novo determination of those portions of the R&R to which a party has objected. While a procedurally defaulted issue is normally disregarded, the court may sua sponte ensure that the R&R is not clearly erroneous or contrary to law. See Thomas v. Arn, 474

2

U.S. 140, 150 (1985) (announcing that district judges are not precluded from sua sponte review "under a de novo or any other standard" if no objection is filed); Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court . . . must 'only satisfy itself that there is no clear error on the face of the record.'" (quoting Fed. R. Civ. P. 72(b) Advisory Committee's note to 1983 amendment)).

Under this framework, "the court may accept, reject, or modify, in whole or in part," the recommendation of the magistrate judge, "or recommit the matter to . . . [him] with instructions." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3).

## I.

The facts of this case are fully and accurately set forth by the magistrate judge. See R&R at 2-8. For context, however, a brief outline of the relevant events is set forth below.[1]

The Plaintiffs allege, inter alia, that COMtek discriminated against and terminated Mr. Padilla-Ruiz on August 13, 2008, in violation of the Uniform Services Employment

---

[1] The court assumes without deciding the facts set forth in the Complaint. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572 (2007) (The court "must accept as true all of the factual allegations contained in the complaint" in ruling on a motion to dismiss. (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002))).

3

and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301-35, and in violation of Puerto Rico's labor and tort laws. Compl. ¶¶ 15, 30, 38. This is the Plaintiffs' third attempt to bring this action against COMtek. Twice, the Plaintiffs unsuccessfully filed these claims in the United States District Court for the District of Puerto Rico. R&R at 3-4. The first attempt was dismissed without prejudice for improper venue, Padilla-Ruiz v. COMtek Commc'ns Techs., Inc., No. 09-1695 (SEC), 2010 WL 1728311, at *5 (D.P.R. Apr. 26, 2010). The Plaintiffs then brought a second suit that named additional defendants and causes of action, Padilla-Ruiz v. United States, 893 F. Supp. 2d 301, 304 (D.P.R. 2012), apparently believing that the additional inclusions would remedy the venue problem. See id. It did not, and the second Puerto Rico suit was dismissed. Id. Now, the Plaintiffs face a different adjudicative barrier: whether the relevant statutes of limitations expired before October 26, 2016, when the Plaintiffs filed the present Complaint, and whether the Plaintiffs alleged sufficient facts to support violations of Puerto Rico law.

In this regard, there were two issues presented to the magistrate judge that are relevant here: (1) whether the Plaintiffs' USERRA claim is time-barred pursuant to the applicable statute of limitations; and (2) whether the Plaintiffs have stated a cause of action under Puerto Rico labor

4

or tort law. Def.'s Suppl. Mem. Supp. Mot. Dismiss and Obj. R&R at 9-13, ECF No. 42 ("Def.'s Suppl. Mem."). First, the magistrate judge, citing Baldwin v. City of Greensboro, 714 F.3d 828, 835-36 (4th Cir. 2013), found that USERRA's four (4) year limitations period had lapsed before commencement of the instant action for two reasons: (1) the Veterans' Benefits Improvement Act of 2008 ("VBIA"), Pub. L. No. 110-389, 122 Stat. 4145, 4163 (codified at 38 U.S.C. § 4327), effective October 10, 2008, which amended USERRA by eliminating the four (4) year statute of limitations, did not apply retroactively; and (2) equitable tolling was not justified. R&R at 10-13. The magistrate judge also noted the Plaintiffs' stipulation that their USERRA claim would be subject to the four (4) year limitations period. Id. at 10.

Second, the magistrate judge found that the Plaintiffs alleged sufficient facts to state a claim under Puerto Rico labor law. Id. at 16-18.[2] Because the magistrate judge found a

---

[2] COMtek objects to this finding based on the retroactivity principles discussed infra Sections II.A, II.C. Retroactivity was not discussed in this context at this stage of the proceeding before the magistrate judge, because COMtek did not raise the issue in its Motion. Def.'s Mem. Supp. Mot. Dismiss at 8-9, 13, ECF No. 23. The closest COMtek came to raising this argument before the R&R was filed was through a generic argument that "[t]he Plaintiffs have failed to allege any facts to support a conclusion that Padilla was terminated because of his status as a servicemember." Id. at 13. COMtek's generality, however, can perhaps be attributed to the Complaint's lack of clarity. See Compl. ¶¶ 38, 40, 42 (citing merely the "labor laws

5

cause of action available under Puerto Rico labor law, he concluded that the Plaintiffs could not proceed on their tort claim based on the same conduct. Id. at 18 ("[W]hen a specific labor or employment law covers the type of conduct for which a plaintiff seeks relief, []he is barred from also bringing a [tort] claim . . . based on the same alleged conduct." (quoting Franceschi-Vázquez v. CVS Pharmacy, 183 F. Supp. 3d 333, 344 (D.P.R. 2016))). After making his recommendations, the magistrate judge informed the parties of their right to have the R&R reviewed by filing timely objections and the consequences of failing to adhere to that procedure.

COMtek timely filed an objection to the finding that the Puerto Rico labor law claim could proceed, arguing that Mr. Padilla-Ruiz was not a member of a protected class at the time of termination, or alternatively, that the one (1) year limitations period for the labor law claim had expired. Obj. at 2-4. The Plaintiffs only responded to COMtek's objection and did not make any objections of their own. See Obj. Reply.

---

of Puerto Rico against discrimination Public Law No. 80 of may [sic] 30, 1976, also claims under Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141, et. seq., (Torts)" as bases for relief (emphasis in original)).

## A. Puerto Rico Labor Law Claim

Mr. Padilla-Ruiz was terminated on August 13, 2008, after being allegedly discriminated against due to his status as an active duty servicemember. Compl. ¶¶ 15, 30. Puerto Rico has categorized servicemembers as a protected class; as such, an individual may not be discriminated against because of such status. P.R. Laws Ann. tit. 29, § 146. Though the magistrate judge noted that, under the laws of Puerto Rico, servicemembers became a protected class in 2012, he did not address whether this law had retroactive effect to Mr. Padilla-Ruiz, who was terminated approximately four (4) years prior to the law's enactment. See R&R at 16. COMtek, therefore, objected to the magistrate judge's finding that the Plaintiffs' Puerto Rico labor law claim survived its Motion. Obj. at 2-3.

Like federal laws, "Puerto Rico[] statutes generally are presumed to have prospective effect only, unless the statute expressly or by inescapable inference demonstrates a contrary legislative intent." Rivera-Flores v. Puerto Rico Tel. Co., 64 F.3d 742, 751 (1st Cir. 1995). On its face, § 146 does not apply retroactively, and the legislative history does not inescapably demonstrate such intent. See 2012 P.R. Laws 232. As such, there was no labor law cause of action of which Mr. Padilla-Ruiz could avail himself, when he was terminated by COMtek. Consequently,

upon de novo review, COMtek's objection is **SUSTAINED**, and the
Puerto Rico labor law claim is **DISMISSED**.[3]

### B. Puerto Rico Tort Law Claim

The magistrate judge dismissed the Plaintiffs' tort claim
because he found that the Plaintiffs could bring a Puerto Rico
labor law claim. R&R at 17-18. He did not address COMtek's
Motion in regards to dismissal for failure to state a claim
under Puerto Rico tort law. Because COMtek's objection to the
Puerto Rico labor law claim is sustained and the claim is
dismissed, this court now reviews whether the Plaintiffs may
proceed with a tort action based on the same alleged conduct.
See Franceschi-Vázquez, 183 F. Supp. 3d at 344.

The Plaintiffs' claim for violations of Puerto Rico tort
law incorporates all previously stated facts in the Complaint.
See Compl. Part IV, "Causes of Action" (incorporating Part III,
"Facts"). The Complaint then references P.R. Laws Ann. tit. 31,
§ 5141. Compl. ¶ 42 (raising "claims under the provisions of
Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141,
et. Seq. (Torts)"). That provision provides: "A person who by an
act or omission causes damage to another through fault or
negligence shall be obliged to repair the damage so done." P.R.
Laws Ann. tit. 31, § 5141. Under the low-threshold pleading

---

[3] Given the court's ruling on COMtek's objection, the court
does not address the statute of limitations issue on this claim.

standard of Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), the court **FINDS** that the pleading is sufficient, at this juncture, for the Plaintiffs to have stated a claim for which relief may be granted under Puerto Rico tort law, and the Motion to Dismiss this claim is **DENIED**.[4]

At a threshold level, before consideration of the merits, there is a question whether any tort law claim by the Plaintiffs under Puerto Rico law is time-barred.[5] "In Puerto Rico, the statute of limitation for general tort claims elapses after one year 'from the time the aggrieved person had knowledge thereof.'" Torres v. Hosp. San Cristobal, 831 F. Supp. 2d 540, 543-44 (D.P.R. 2011) (quoting P.R. Laws Ann. tit. 31, § 5298). However, this statute of limitations may be tolled pursuant to Article 1873 of Puerto Rico's Civil Code by the "institution [of the claim] before the courts." Rodríguez v. Suzuki Motor Corp.,

---

[4] This ruling does not preclude later dispositive motions upon discovery, which may also be necessary for the court to determine whether the tort law claim is time-barred under Puerto Rico law, as discussed infra in text.

[5] It is unclear, due to the general and unspecified references to "claims" in COMtek's Motion, whether the issue of the statute of limitations on the tort law claim is raised. See Mem. Supp. at 3, 5, 8, 9. The issue should be raised as an affirmative defense in a pleading, in order for the court to rule on it. See, e.g., Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 (4th Cir. 2006) ("[T]he statute of limitations is an affirmative defense, meaning that the defendant generally bears the burden of affirmatively pleading its existence."); Fed. R. Civ. P. 8(c)(1).

570 F.3d 402, 407 (1st Cir. 2009) (internal quotations omitted).

But, the inquiry does not end here.

> Under Puerto Rico tolling rules, which are
> based on the Spanish civil law, the
> institution of an action in court is
> commonly held not only to interrupt the
> running of the applicable statute of
> limitations <u>but, at least in the event of a
> voluntary or usual non-prejudicial dismissal
> of the original action, to cause the entire
> limitations period to run anew from the date
> the previous action came to a definite end</u>.

Id. (emphasis added) (quoting in full López-González v. Mun. of

Comerío, 404 F.3d 548, 552 (1st Cir. 2005)). "An action comes to

a 'definite end,' inter alia, on the date upon which such action

is voluntarily dismissed without prejudice." Id. (citing

Rodríguez-García v. Mun. of Caguas, 354 F.3d 91, 97 (1st Cir.

2004)). "[T]he Puerto Rico Supreme Court ha[s] suggested a

possible exception to the restart rule '[f]or cases where the

[tolling] rule is abused or used in bad faith.'" Id. at 408

(alteration in original) (quoting López-González, 404 F.3d

at 554). Moreover, where "an involuntary dismissal [is] made

without prejudice but as a sanction," such a dismissal "does not

toll the statute of limitations." Id.

Here, the Plaintiffs had knowledge of the alleged tort on

August 13, 2008, when Mr. Padilla-Ruiz was terminated. Suit was

first filed on July 22, 2009, thereby tolling the statute of

limitations. The relevant claims in that suit were dismissed

10

without prejudice on April 26, 2010. The second suit was filed on April 25, 2011, one day before the one (1) year statute of limitations restart period expired. Thereafter, the relevant claims were dismissed without prejudice again on October 28, 2015, and this current suit before this court was filed on October 26, 2016, less than one year later. Thus, the limitations period for the tort claim appears not to have expired under Puerto Rico's tolling and restart rule. See Rodríguez, 570 F.3d at 407 (quoting López-González, 404 F.3d at 552).

However, it is unclear from the record before this court at this juncture whether the second filing of the lawsuit in Puerto Rico, after the first dismissal of the claim for improper venue, constituted "bad faith" or an "abuse" of the tolling and restart rule in Puerto Rico. Accordingly, whether the Plaintiffs' Puerto Rico tort claim is time-barred, pursuant to the applicable statute of limitations, remains an issue in the case.[6]

### C. USERRA Claim

### 1.

The magistrate judge found that the four (4) year statute of limitations on the USERRA claim had expired before the Plaintiffs filed the Complaint. R&R at 10-16. Not only did the

---

[6] See supra note 4.

Plaintiffs fail to object to this finding, but as COMtek correctly notes, the Plaintiffs stated that their USERRA claim is governed by a four (4) year statute of limitations. Pls.' Mem. Law Supp. Response in Opp'n Mot. Dismiss at 3, 5, ECF No. 28; Def.'s Response Mem. Pls.' Opp'n at 2, ECF No. 29. The court turns sua sponte to review this issue.[7]

COMtek asserts that this court is barred from reviewing this issue because the Plaintiffs waived their right to review by failing to object. Def.'s Suppl. Mem. at 4-7 (citing Wood v. Milyard, 566 U.S. 463, 472-75 (2012); Greenlaw v. United States, 554 U.S. 237, 245-46 (2008); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007); DietGoal Innovations LLC v. Wegmans Food Mkts., Inc., 993 F. Supp. 2d 594, 598 (E.D. Va. 2013); Fed. R. Civ. P. 72(b)(3)). The cited cases and rule are simply not dispositive here,[8] as no categorical bar exists for reviewing

---

[7] The court held a hearing on December 13, 2017, and informed the parties of its thoughts thereon and the need for sua sponte review. Additionally, at the hearing, the parties were given leave to file supplemental briefs on this issue. Cf. Day v. McDonough, 547 U.S. 198, 210 (2006) ("[B]efore acting on its own initiative, a court must accord parties fair notice and an opportunity to be present in their positions.").

[8] Wood concerned a court of appeals' sua sponte review in a habeas corpus case of an intelligently waived statute of limitations defense by the state during district court proceedings. 566 U.S. at 473. Relatedly, Greenlaw involved a sua sponte enhancement of a criminal sentence on appeal, when the benefiting party did not cross-appeal. 554 U.S. at 245-46. The third case, Midgette, dealt with review of non-objected-to portions of an R&R by a court of appeals. 478 F.3d at 621.

12

courts, in appropriate circumstances, to relieve a party from a judicial admission and correct a clear error of law.

A judicial admission is a representation that is "conclusive in the case," unless the court allows it to be withdrawn. Meyer v. Berkshire Life Ins. Co., 372 F.3d 261, 264 (4th Cir. 2004) (quoting Keller v. United States, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995)). They include "intentional and unambiguous waivers that release the opposing party from its burden to prove the facts necessary to establish the waived conclusion of law." Id. at 264-65. Trial courts, however, are "given broad discretion to relieve parties from the consequences of judicial admissions in appropriate cases" due to "[c]onsiderations of fairness and the policy of encouraging judicial admissions." MacDonald v. Gen. Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997) (quoting United States v. Belculfine, 527 F.2d 941, 944 (1st Cir. 1975)). Courts "unquestionably[] ha[ve] the right to relieve a party of his judicial admission if

---

There, the Fourth Circuit applied the appellate waiver rule, finding that the "requirement to make objections preserves the district court's role as the primary supervisor of magistrate judges." Id. DietGoal Innovations involved a review of a magistrate judge's non-dispositive order under Rule 72(a) of the Federal Rules of Civil Procedure. 993 F. Supp. 2d at 598. Federal Rule of Civil Procedure 72(b)(3) establishes de novo review for objected portions of an R&R. These cases and rules simply do not address the district court's entry of a final judgment on sua sponte clear error review, absent objections to a magistrate judge's R&R, as was specifically addressed by the Supreme Court in Thomas, 474 U.S. at 154.

it appears that the admitted fact is clearly untrue and that the party was laboring under a mistake when he made the admission." New Amsterdam Cas. Co. v. Waller, 323 F.2d 20, 24 (4th Cir. 1963) (footnote omitted). Furthermore, "[w]hen counsel speaks of legal principles, as he conceives them and which he thinks applicable, he makes no judicial admission and sets up no estoppel which would prevent the court from applying to the facts . . . , the proper legal principles as the [c]ourt understands them." Id.

On December 22, 2017, the Plaintiffs filed a Motion Requesting Judicial Notice/Knowledge of Cruz v. Maypa, 773 F.3d 138 (4th Cir. 2014). ECF No. 44. Cruz, discussed below, establishes that the Plaintiffs' statute of limitations admission, made by counsel, was erroneous. The court construes this motion as a request for relief from a judicial admission. Here, it is appropriate to relieve the Plaintiffs of their counsel's judicial admission because it is clear that the parties were "laboring under a mistake" when they made the admission. New Amsterdam, 323 F.2d at 24. Furthermore, the mistake here is one involving the applicable law; nothing prevents the court from addressing and applying the correct law. See id.

Finally, and importantly, district judges are not barred from reviewing non-objected-to portions of an R&R before

14

disposition of the matter, because district judges remain the final authority, as a magistrate judge's R&R is not a final order, but a recommended disposition to the district judge. See Thomas, 474 U.S. at 154; Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 760-61 (7th Cir. 2009);[9] see generally 28 U.S.C. § 636(b)(1) (requiring de novo review of objected portions of an R&R); Fed. R. Civ. P. 72(b)(3) (same). It does not follow from either the statute or the rule that a district court is barred from reviewing portions of the R&R to which objections were not filed, when there is a clear error of law. Aside from the potential impermissible constitutional implications such a rule could create, i.e., the non-consensual final disposition of a dispositive issue by a non-Article III judge, see Thomas, 474 U.S. at 154, such an interpretation is a logical fallacy. Indeed, the Advisory Committee's Note to Rule 72(b) specifically states that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error." Fed. R. Civ. P. 72(b) Advisory Committee's note to 1983 amendment; see, e.g., Diamond, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72(b) Advisory Committee's note to 1983 amendment); Pearson v. Colvin, 58 F.

---

[9] Schur is cited in DietGoal Innovations, 993 F. Supp. 2d at 600, a case relied upon by COMtek. See supra note 8 and accompanying text. The court in Schur found that a "magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." 577 F.3d at 760 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)).

Supp. 3d 577, 581 (E.D. Va. 2014) (same), rev'd on other grounds, 810 F.3d 204 (4th Cir. 2015); Jones v. Clarke, 7 F. Supp. 3d 626, 629 (E.D. Va. 2014) (same), vacated on other grounds, 783 F.3d 987 (4th Cir. 2015); Masterson v. Commonwealth Bankshares, Inc., 2 F. Supp. 3d 824, 828 (E.D. Va. 2014) (same); Airlines Reporting Corp. v. Sarrion Travel, Inc., 846 F. Supp. 2d 533, 535 (E.D. Va. 2012) (same). Accordingly, this court should not "rubber stamp" an R&R, but should review it for clear error and satisfy itself there is none.

## 2.

USERRA claims were subject to a four (4) year statute of limitations until October 2008, 38 U.S.C. §§ 4301-35, at which time the limitations period was extended in perpetuity by VBIA. 38 U.S.C. § 4327(b). The Plaintiffs' USERRA action accrued in August 2008, so the question is what limitations period applies, i.e., what, if any, effect the change in the limitations period had. The R&R cites one case, Baldwin v. City of Greensboro, 714 F.3d 828 (4th Cir. 2013), in concluding that the four (4) year period governs. However, Baldwin was distinguished by Cruz, 773 F.3d at 144-45, and Cruz was not addressed in the R&R.

As previously stated, federal laws are presumed to have prospective effect. Landgraf v. USI Film Prods., 511 U.S. 244, 265 (1994) ("[T]he presumption against retroactive legislation

16

is deeply rooted."). Importantly, however, "[a] statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment." Id. at 269 (citation omitted).

In Baldwin, the Fourth Circuit ruled that VBIA's abolishment of USERRA's statute of limitations did not operate retroactively. 714 F.3d at 835-36. This holding, as clear as it appears, is not dispositive. Baldwin was concerned with a USERRA claim that had expired under the four (4) year limitations period more than six (6) months before the VBIA amendment. Id. at 836. This timing was recognized as a material distinction by the Fourth Circuit in Cruz, 773 F.3d at 144-45 (citing Baldwin, 714 F.3d at 836).

Specifically, in Cruz, the Fourth Circuit addressed what limitations period governs a claim when the limitations period at the date of accrual is extended while the claim is still alive. Id. The appellant argued that although her Victims of Trafficking and Violence Protection Act claim accrued pursuant to a four (4) year statute of limitations and would be time-barred thereby, the claim could nevertheless proceed because the limitations period was extended to ten (10) years while her claim was still alive under the original four (4) year period. Id. at 143-44. The Fourth Circuit agreed, holding that Baldwin implicitly recognized that a change in the limitations

17

period by enactment of new legislation applicable to "unexpired claims does not 'attach[] new legal consequences to events completed before its enactment,'" and, thus, "does not give rise to an impermissible retroactive effect under Landgraf." Id. at 145 (alteration in original) (footnote omitted) (quoting Langraf, 511 U.S. at 270). Stated simply, "[a]s long as the claims were alive at enactment, extending a statute of limitations does not 'increase a party's liability for past conduct,' because the party already faced liability under the shorter limitations period." Id. (quoting Landgraf, 511 U.S. at 270).

The court is now faced with this precise situation in the case at bar—whether the Plaintiffs' claim is governed by the statute of limitations period in effect on the date of accrual or the longer limitations period that took effect while the claim was still alive. Cruz squarely answers that the longer period controls. Id. The Plaintiffs' USERRA cause of action accrued on August 13, 2008. Less than two (2) months later, on October 10, 2008, the statute of limitations was extended while the claim was alive, just as in Cruz. As a result, retroactivity principles are not implicated. Id. at 144-45.

COMtek advances one argument to avoid this result: The Fourth Circuit in Baldwin held that Congress, in amending USERRA's statute of limitations, expressly spoke to the temporal

18

scope of its amendment. Baldwin does state that the "only hint [of Congress's intent] in the text suggests that [VBIA] applies prospectively," 714 F.3d at 836 (quoting Middleton v. Chicago, 578 F.3d 655, 662 (7th Cir. 2009)), and suggested that its "inquiry could end [there]." Id.[10] However, Baldwin did not analyze whether Congress in fact expressly prescribed VBIA's proper reach. Instead, Baldwin relied on Middleton, in which the court found a "hint" that VBIA's reach is possibly prospective. 578 F.3d at 662-63 ("Congress was aware that for [VBIA] to have retroactive effect, it needed to say so expressly, and the absence of any such express language in the text indicates that Congress chose not to do so."). But Middleton did not hold that VBIA was prospective; rather, it used the "hint" to hold that VBIA was not retroactive to a USERRA claim that expired before the enactment of VBIA. Id. Baldwin, in fact, recognized that Middleton did not find VBIA to be expressly prospective. 714 F.3d at 836. Moreover, and importantly, Middleton posited that there might be some USERRA claims that accrued prior to VBIA that would be governed by the new statute of limitations. See 578 F.3d at 663.

In sum, in October 2008, VBIA eliminated the four (4) year statute of limitations for USERRA claims. However, Congress did

---

[10] In essence, COMtek urges this court to look at this one sentence, and this one sentence only, without proper context.

not expressly indicate that only claims accruing after VBIA's enactment are governed by the new statute of limitations. The courts in Baldwin and Middleton held that USERRA claims which had already expired under USERRA's four (4) year statute of limitations were not retroactively revived upon VBIA's enactment. This court, however, is not presented with a USERRA claim that expired prior to VBIA's enactment. Rather, here the USERRA claim was alive when VBIA took effect. Relying on the reasoning in Cruz, which clarified Baldwin, this court concludes that the four (4) year statute of limitations period that initially governed the Plaintiffs' USERRA claim, which began to run on August 13, 2008, never expired because the claim was alive when VBIA was enacted two (2) months later. Therefore, the Plaintiffs' USERRA claim was timely filed in this court on October 26, 2016. Accordingly, the Plaintiffs' USERRA action against COMtek may **PROCEED**.

### III. CONCLUSION

The court, having examined the objection to the R&R filed by COMtek, and having made de novo findings with respect thereto, does hereby **SUSTAIN** the objection with respect to the Puerto Rico labor law claim. Accordingly, the Puerto Rico labor law claim is **DISMISSED** for failure to state a claim upon which relief may be granted. Further, the court **DENIES** COMtek's Motion to Dismiss the Plaintiffs' Puerto Rico tort law claim for

20

failure to state a claim upon which relief may be granted. Additionally, the court, upon <u>sua sponte</u> clear error review, **REJECTS** the findings set forth in the R&R regarding the timeliness of the USERRA claim, and **FINDS** that the claim is not time-barred and may proceed. Accordingly, the court **GRANTS IN PART** and **DENIES IN PART** COMtek's Motion to Dismiss. The case will go forward on the USERRA and Puerto Rico tort law claims.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge
REBECCA BEACH SMITH
CHIEF JUDGE

February 15, 2018